# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LARRY CHERRY**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16 C 6195 |
| **GERALD MCQUIRTER**, personally, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Larry Cherry ("Cherry") has just filed a pro se Complaint against a number of defendants, but he has pleaded himself out of court by this very first sentence of his Complaint:

> Plaintiff, Larry Cherry, brings this action under the Diversity Jurisdiction, for a declaration that Defendant's conspired to move against plaintiffs ownership rights to the property

Nonlawyer Cherry simply does not understand the concept of diversity jurisdiction as it has been defined for more than centuries (see Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)), under which the citizenship of each party on the plaintiff's or plaintiffs' side of the "v." sign must differ from that of each party on the defendant's or defendants' side of that same sign.

In this instance Complaint ¶ 1 identifies Cherry as an Illinois citizen, while Complaint ¶ 7 identifies defendant Dat Lee in the same way. That of itself negates federal subject jurisdiction under 28 U.S.C. § 1332(a)(1)[1] -- but although it is only necessary to kill a snake once, it seems almost certain that the absence of diversity extends to a good many more than the Lee defendant:

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

1. Complaint ¶ 2 speaks of defendant Gerald McQuirter as "a State of Illinois licensed real estate broker."

2. Complaint ¶ 3 speaks of defendant GMC Capital Real Estate, Inc. as "a corporation domiciled in Illinois and . . . not in Good Standing." For a corporation, Section 1332(c)(1) provides that its domicile -- "its principal place of business" -- makes it an Illinois citizen.

3. Complaint ¶ 4 speaks of defendant Pierce and Associates, P.C. as a Law firm doing business in Illinois. Sullivan's Law Directory identifies Lee Perres as one of that firm's "managing attorney," and this Court knows attorney Perres to be an Illinois citizen.

Indeed, there is more (though what has been said to this point is more than enough to deep-six Cherry's attempted entry into this District Court). Cherry has included "John Doe 1-4" as his last designated defendants in the case caption, though the text of his Complaint quite understandably says nothing about the state of citizenship of any such party (by definition that fact is of course unknown as to any party who is unknown). In this instance Cherry's only allegations as to any "John Doe" defendant are found in Complaint ¶¶ 39 and 40, where he refers in that way to the unknown purchaser at the foreclosure sale of the real estate that Cherry claims to have been illegal and in violation of his rights.

More than three decades ago this Court held (coincidentally in an action that also stemmed from a mortgage foreclosure) that a plaintiff's inclusion of one or more unknown defendants in a complaint was fatal to any effort to invoke diversity jurisdiction, because the state of citizenship of any such defendant was necessarily unknown (<u>John Hancock Mut. Life</u>

Ins. Co. v. Central Nat'l Bank in Chicago, 555 F. Supp. 1026 (N.D. Ill. 1983). That is just as true today, and that gaffe alone would also be fatal to Cherry's effort to invoke diversity jurisdiction.

In sum, Cherry has failed to fulfill his legal obligation to establish the existence of subject matter jurisdiction, and both the Complaint and this action are dismissed sua sponte for that reason.[2] This Court has expressed no view as to the viability or nonviability of Cherry's claims, but he must seek to pursue his claim for relief in a state court of competent jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 17, 2016

---

[2] This dismissal renders Cherry's contemporaneously filed In Forma Pauperis Application (Dkt. No. 4) moot, and it is denied on that basis.